NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 14-4677
———————

IN RE: JOAN FABRICS CORPORATION, ET AL., Debtors
FRED GODLEY,
Appellant

———————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-14-cv-00774)
District Judge:  Honorable Richard G. Andrews
———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2015

Before: CHAGARES, KRAUSE and BARRY, *Circuit Judges*.

(Opinion filed: August 26, 2015)
———————

OPINION*
———————


KRAUSE, *Circuit Judge:*

In the midst of their Chapter 11 bankruptcy, Joan Fabrics Corp. and Madison

Avenue Designs, LLC (collectively, the "Debtors") sold Appellant Fred Godley parcels

of real property (the "Properties"), pursuant to an order of the Bankruptcy Court (the

"Sale Order") and an Asset Purchase Agreement (the "APA"). Four years later, after the government of Rutherford County, North Carolina began enforcing an aged lien on the Properties, Godley filed a motion with the Bankruptcy Court seeking to "enforce" the Sale Order. In effect, Godley sought a declaration that he purchased the Properties free and clear of the tax obligation at issue.

The central issue we face is whether, under North Carolina law, a "business personal property tax lien"[1] must be recorded with a register of deeds to become "of record." Like the District and Bankruptcy Courts before us, we conclude it need not be, and will therefore affirm in favor of Rutherford County.

I.      **Background**

In March 2007, and in accordance with North Carolina law, the Debtors submitted their business personal property tax listings to the Rutherford County tax assessor's office.[2] The Debtors filed for bankruptcy one month later, and by July 2007, sold the Properties to Godley. The Sale Order and APA provided that Godley was taking title to the Properties subject to "[p]ermitted [e]ncumbrances," which included "[e]asements,

---

[1] "Business personal property includes machinery, equipment, computers, furniture, fixtures, supplies, airplanes, farm machinery, and any other income-producing personal property." County Assessor, Rutherford County, North Carolina, http://rutherfordcountync.gov/Departments/tax/countyassessor (last visited Aug. 14, 2015).

[2] In North Carolina, businesses first submit their tax listings, and once the full inventory of taxable property is known, the tax rate is set. *See Spiers v. Davenport*, 138 S.E.2d 762, 764 (N.C. 1964).

2

liens, restrictions, encumbrances, encroachments, agreements and other matters of record." App. 110, 125.

While the sale of the Properties closed in July 2007, the County did not issue a bill for the taxes at issue until August 2007, and those taxes were never paid. As a result, in 2011, Rutherford County demanded payment, and later sent notice of its intention to garnish rents from Godley's tenants in order to satisfy the lien. In response, Godley filed his Motion to Enforce the Sale Order, asking the Bankruptcy Court to hold that he purchased the Properties free and clear of the lien, and requesting that Rutherford County be held in contempt for its actions. The Bankruptcy Court denied the motion, finding that Godley took the Properties subject to the 2007 tax obligation. On appeal, the District Court affirmed the Bankruptcy Court's holding. This appeal followed.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 158(a). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We review the status of the tax lien—a pure question of law—de novo, *see In re Shenango Group, Inc.*, 501 F.3d 338, 346 (3d Cir. 2007), and review the Bankruptcy Court's denial of sanctions for an abuse of discretion, *see In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013).

## III.  Discussion

We dispose of this appeal by answering a single question: whether the 2007 tax lien was of record at the time of the sale and therefore a permitted encumbrance under the Sale Order and APA. Godley argues it was not, asserting that the failure to record the

lien with the register of deeds means it was not of record, and thus unenforceable per the terms of the APA. Rutherford County, meanwhile, maintains that the tax obligation (1) arose prior to the sale of the Properties, and (2) was appropriately listed with the County's tax assessor's office.

Upon a careful review of North Carolina law, we conclude that the lien was both owing and of record at the time of the sale. First, North Carolina law provides that "[a]ll property subject to ad valorem taxation shall be listed annually." N.C. Gen. Stat. § 105-285(a). Second, "the obligation to pay *ad valorem* property taxes in the State of North Carolina attaches at the time the property is listed, even though the *amount* of the tax has not yet been determined." *In re Members Warehouse, Inc.*, 991 F.2d 116, 120 (4th Cir. 1993); *see also* N.C. Gen. Stat. § 105-355(a) (stating that a "lien for taxes levied . . . shall attach to the parcel taxed on the date as of which property is to be listed").[3] Thus, the taxes were owed and a lien attached by the time of Godley's purchase. Third, North Carolina law directs that those tax listings be recorded with the county tax assessor's office, not the register of deeds. *See* N.C. Gen. Stat. § 105-319(d) ("Listings and assessments and any changes . . . shall be entered on the county tax records."); *id.* § 105-

---

[3] The Bankruptcy Court noted that a straightforward reading of § 105-355(a) suggests that the lien became effective on the date on which the real property listing was completed, whereas the Fourth Circuit's interpretation in *Members Warehouse* suggests the lien attached when the personal property listing was completed. *See In re Joan Fabrics Corp.*, 508 B.R. 881, 888 (Bankr. D. Del. 2014) (citing *Members Warehouse Inc.*, 991 F.2d at 118-19). We need not reach the question of which interpretation is correct, as under either scenario, the taxes were owed prior to the sale.

304(a) ("The person whose duty it is to list property must list it in the county in which the place of taxation is located . . . ."); *id.* § 105-309(a) ("Each person whose duty it is to list property for taxation shall file each year with the assessor a tax list or abstract . . . .").[4]

In sum, the Debtors submitted their business personal property tax listings to the tax assessor's office prior to the sale of the Properties, the obligation to pay the tax attached prior to the sale, and the obligation was of record in the appropriate office.[5] Accordingly, the District and Bankruptcy Courts correctly concluded that the tax lien was a permitted encumbrance under the Sale Order and APA, and we will therefore affirm.[6]

---

[4] Godley's argument to the contrary relies on North Carolina's recording requirements for "[m]ortgages, easements and similar liens, restrictions and interests in real property," which are required to be recorded with the register of deeds. Appellant's Br. at 11 (citing N.C. Gen. Stat. §§ 47-20, 47-20.1). As the District Court correctly concluded, however, by their plain terms, neither statute applies to the type of encumbrance at issue here.

[5] While not dispositive to our holding, we note that Godley had notice that he would be responsible for 2007 taxes and failed to object, despite having the opportunity to do so, pursuant to section 2(e) of the APA. Specifically, prior to the sale, Godley obtained a title insurance report that stated he would be responsible for "Taxes for the year 2007." App. 1040. Moreover, North Carolina law presumed notice of the lien: "All persons who have or who may acquire any interest in any real or personal property that may be or may become subject to a lien for taxes are hereby charged with notice that such property is or should be listed for taxation, that taxes are or may become a lien thereon, and that if taxes are not paid the proceedings allowed by law may be taken against such property. This notice shall be conclusively presumed, whether or not such persons have actual notice." N.C. Gen. Stat. § 105-348. Despite this actual and constructive notice, Godley did not object prior to the sale.

[6] Because Rutherford County did not violate the Sale Order, the Bankruptcy Court did not abuse its discretion by declining to impose sanctions.