

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2002

# Verzilli v. Flexon Inc

Precedential or Non-Precedential: Precedential

Docket No. 01-2282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Verzilli v. Flexon Inc" (2002). *2002 Decisions.* Paper 373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed July 3, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2282

SUZANNE L. VERZILLI and LARRY M. VERZILLI,

v.

FLEXON, INC.; DAIRY FARMERS OF AMERICA, INC., as
Successor in Interest to MILK MARKETING, INC.,
d/b/a FARMERS CHEESE

v.

FLEXON, INC.,
        Third-Party Plaintiff

v.

DAIRY FARMERS OF AMERICA, INC., as Successor in
Interest to Milk Marketing, Inc., d/b/a Farmers Cheese;
B.E.A., INC., JOHN WOLFE, t/d/b/a Wolfe Industrial
Service; GILCO; MILLER EDGE,
        Third-Party Defendants

SUZANNE L. VERZILLI and LARRY VERZILLI, Appellants

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 98-886 )
Ila Jeanne Sensenich, United States Magistrate Judge

Argued April 30, 2002

Before: NYGAARD, ROTH, and WEIS, Circuit Judge s.

(Filed July 3, 2002)


        J. Gerald Ingram, Esquire (ARGUED)
        7330 Market Street
        Youngstown, Ohio 44512

        Attorney for Plaintiffs-Appellants

        Thomas R. Doyle, Esquire (ARGUED)
        Law Offices of Thomas R. Doyle
        Two Chatham Center, Suite 1750
        Pittsburgh, Pennsylvania 15219

        Attorney for Appellee

OPINION OF THE COURT

WEIS, Circuit Judge.

The consent judgment and stipulation in this civil case provides for an end to the litigation only upon the affirmance on appeal of a controverted interlocutory order entered by the District Court. We conclude that the judgment is not final under 28 U.S.C. S 1291 and, accordingly, we lack appellate jurisdiction. We therefore will dismiss the appeal.

In this diversity personal injury suit, plaintiff 1 sought damages from Dairy Farmers of America, Inc., and other defendants. The parties consented to trial by a magistrate judge pursuant to 28 U.S.C. S 636(c)(1). During the course of the litigation, on April 3, 2001, the magistrate judge ruled that the plaintiff 's claim for damages would be restricted because she had failed to follow the District Court's pretrial rules with respect to the production of the report of one her medical experts.

After settling with the other defendants on pro rata releases, the plaintiff agreed to enter into a consent judgment with Diary Farmers of America, Inc. In accordance with a stipulation between the parties, the District Court entered a consent judgment "in favor of

_____

1. Although the husband is listed as a plaintiff, his damages are limited to loss of consortium, a derivative claim. We will refer to plaintiff in the singular.

2

Plaintiffs Suzanne L. Verzilli and Larry Verzilli in the amount of $13,000. Plaintiffs expressly reserve their rights of appeal, and Defendant Dairy Farmers of America, Inc. expressly denies any admission of liability." The Court also stated in the judgment that "[t]his is a final order and there is no just cause for delay."

In the stipulation that was filed together with the consent judgment, the parties agreed that if this Court reversed,

> ". . . defendant, Dairy Farmers of America, Inc., will be permitted to present a full and complete defense to all issues in this case (damage and liability).

> "The parties agree that there will be no further proceedings in this case unless the Court's order of April 3, 2001 [pretrial ruling on damages] is reversed on appeal.

> "It is further understood and agreed that the consent judgment of April 19, 2001 is a final appealable order pursuant to 28 U.S.C. S 1291."

The plaintiff has appealed, contending that the District Court erred in the pretrial ruling limiting her damages.

Before addressing the merits, we must determine if this Court may entertain the appeal.

In the jurisdictional section of her brief in this Court, plaintiff wrote, "The April 3, 2001 Consent Judgment was a 'final order' and determined that there was no just cause for delay." No further elaboration or discussion of appellate jurisdiction was presented. The defendant's brief did not mention the issue. Because both parties had failed to clarify appellate jurisdiction, the Court advised them in advance that they should be prepared to discuss the matter at oral argument.

The jurisdiction of the Courts of Appeals is limited, and they lack authority to review an appeal unless specified requirements are satisfied. In general, an appeal must be taken from a final decision under 28 U.S.C. S 1291. Some exceptions exist, such as appeals from preliminary injunctions or the certification of determinative questions of law under 28 U.S.C. S 1292(b). Other appealable

interlocutory orders are listed in section 1292 but are not of concern here.

If a case involves a number of separate claims or parties, the district court may designate certain partial determinations as final for purposes of appeal under Federal Rule of Civil Procedure 54(b). Here, however, there is only one claim -- that of the plaintiff -- and at the time the appeal was taken only one defendant remained in the case. Accordingly, Rule 54(b) is not helpful.

Nor does the exception for certifications of controlling questions of law, provided by 28 U.S.C. S 1292(b), apply in this case. None of the prerequisites required by that provision, such as certification by the district court and acceptance by this Court, have been met. Indeed, it appears that the parties have attempted to bypass those requirements through the stipulation and consent judgment.

We are aware that in the criminal procedural field, a defendant may enter a guilty plea, reserving the right to appeal a disputed ruling. See Fed. R. Crim. P. 11(a)(2). No such provision, however, exists in the civil rules.

The issue before us is whether the consent judgment can be considered final for purposes of section 1291. Generally, pretrial conference orders are inherently interlocutory and not appealable. Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 2d S 3914.27.

Preliminarily, we must consider whether a consent judgment per se is appealable. The Courts of Appeals have "jurisdiction of appeals from all final decisions of the district courts . . . ." 28 U.S.C. S 1291. In an early case, the

Supreme Court held that a consent decree could be appealed as of right. Pacific R.R. v. Ketchum , 101 U.S. 280, 296 (1879). The statutory language in effect at that time is still extant in relevant portions of 28 U.S.C. S 1291. As the Court remarked in Downey v. State Farm Fire & Cas. Co., 266 F.3d 675, 682 (7th Cir. 2001), "for jurisdictional purposes, there is no distinction between 'consent' and 'adversial' judgments" within the ambit of section 1291.

4

The fact that the parties to an appeal have agreed upon a judgment, however, raises another question. Those who have consented to entry of a judgment are sometimes said to lack standing to appeal. The reasoning underlying this approach is that a party who has agreed to the terms of a judgment has waived the right to attack it on appeal. That theory, however, has its limits. If a party expressly reserves the right to appeal, the appellate court may review the contested issue. See Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction S 3902.

There is some disagreement among the Courts of Appeals on the so called "standing" issue. See, e.g., Clark v. Housing Auth. of City of Alma, 971 F.2d 723 (11th Cir. 1992) (consent decree is appealable in some circumstances); Hudson v. Chicago Teachers Union, Local No. 1., 922 F.2d 1306 (7th Cir. 1991) (appeal allowed because "stipulation memorialized their continued disagreement" with issues previously decided by the district court); Dorse v. Armstrong World Indus., Inc., 798 F.2d 1372 (11th Cir. 1986) (appeal allowed when parties expressly stated an intent to appeal); Greenhouse v. Greco, 544 F.2d 1302, 1305 (5th Cir. 1977) (party who consented to dismissing case as moot so as to appeal district court's order was not barred from appealing the case because the party did not consent to a judgment that would preclude appellate review). But see Amstar Corp. v. Southern Pac. Transp. Co. of Texas & Louisiana , 607 F.2d 1100 (5th Cir. 1979) (appeal precluded even when parties expressly stipulated intent to appeal).

We have recognized that, as a general rule, a party cannot appeal a consent judgment. There are two limited exceptions: failure to assent and lack of subject matter jurisdiction. In re Sharon Steel Corp., 918 F.2d 434, 437 n.3 (3d Cir. 1990). But we have also held that a party to a consent judgment may obtain appellate review if there is an explicit reservation of the right to appeal. Keefe v. Prudential Prop. & Cas. Co., 203 F.3d 218, 223 (3d Cir. 2000). The stipulation in this case does preserve appellate rights and thus eliminates the defense of waiver. That said, however, finality remains an issue.

5

The purpose of section 1291 is to prohibit piecemeal review and dispose of what is, for all practical purposes, a

single controversy in one appeal. See Cobbledick v. United States, 309 U.S. 323, 325 (1940) (discussing rationale for finality as condition of review). But like many other terms in the law, "final" depends on the context in which it is used. Perhaps no one has better expressed frustration with defining the word than Judge Jerome Frank. " 'Final' is not a clear one-purpose word; it is slithery, tricky. It does not have a meaning constant in all contexts. . . . [t]here is, still, too little finality about 'finality.' " United States v. 243.22 Acres of Land in Town of Babylon Suffolk County, N.Y., 129 F.2d 678, 680 (2d Cir. 1942).

One of the better descriptions of "final" may be found in Coopers & Lybrand v. Livsey, 437 U.S. 463 (1978). There, the Court said that a final judgment under section 1291 is a decision by the district court that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand , 437 U.S. at 467 (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). See Quackenbush v. Allstate Ins. Co. , 517 U.S. 706, 712 (1996); Cunningham v. Hamilton County, Ohio , 527 U.S. 198, 204 (1999). See also Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863 (1994) (refusal to enforce settlement agreement alleged to shelter a party from suit is not immediately appealable); Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381-82 (3d Cir. 1996) (because the litigation would be terminated whatever the disposition of non-appealable orders, a final judgment existed for jurisdictional purposes).2

_____

2. Bethel illustrates another tactic to accelerate appeal of interlocutory pretrial rulings through refusal to proceed to trial and accepting a dismissal for failure to prosecute. In Spain v. Gallegos, 26 F.3d 439 (3d Cir. 1994), we held that a party disappointed with a court's ruling may not decline to proceed and then expect to obtain relief on appeal from a dismissal. Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974), pointed out that to condone such a procedural technique"would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. S 1291." Because of its unique factual circumstances, the district court ruling in Bethel was final because no further procedures were available whatever the outcome of the appeal.

In some circumstances, the path to finality may be shortened through agreement of the parties. Stipulations dependent on the outcome of an appeal can, in appropriate settings, be enforced so as to create finality. In Nixon v. Fitzgerald, 457 U.S. 731 (1982), the parties agreed upon a liquidation of damages after filing a petition for certiorari. The petitioner paid respondent $142,000, and respondent agreed to accept an additional $28,000 if the Court ruled against petitioner. If the Court decided in favor of petitioner, no further sums would be due. Id. at 743-44. The Supreme Court concluded that because the parties retained a sufficient financial stake in the outcome of the appeal, an actual controversy existed and was justiciable. Id.

Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), presented somewhat similar conditions. There, the parties stipulated in advance on the amount of the damages due respondents contingent upon a favorable ruling. If the decision was unfavorable, respondents would not be entitled to any relief. The Supreme Court concluded that the agreements did not deprive it of jurisdiction. Havens Realty Corp, 455 U.S. at 370-71.

In Keefe, 203 F.3d at 222, the parties stipulated that if it prevailed on appeal, defendant would pay plaintiff a certain sum. If the Court did not decide the controverted issue, then defendant would pay a greater sum. If plaintiff were successful on appeal, then defendant would pay yet a higher amount. The damage issue, therefore, was settled and the stipulation eliminated the need for any further litigation in the district court. Only the ministerial act of entering judgment remained. That being so, we concluded

---

A conflict among the courts of appeals exists on the question of whether a district court's dismissal of some claims without prejudice allows other claims to be appealed without orders under Federal Rule of Civil Procedure 54(b). Compare State Treasurer of the State of Michigan v. Barry, 168 F.3d 8 (11th Cir. 1999), with James v. Price Stern Sloan, Inc., 283 F.3d 1064 (9th Cir. 2002); See Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150 (3d Cir. 1986) (voluntary dismissal final because statute of limitations had run).

7

that the consent judgment was final. Keefe, 203 F.3d at 224.

In contrast, the parties' stipulation in the case before us covers only one possible outcome of the appeal -- an affirmance by this Court. According to the stipulation, if this Court should decide to reverse, then the matter would return to the District Court for a full trial. Similarly, if this Court declined to decide the propriety of the pretrial ruling, the case would be remanded to the District Court.

Therefore, unlike Keefe or Bethel, only one possible ruling by this Court would effectively end the District Court's work. Left open is the possibility of two other dispositions, either a reversal or a dismissal for lack of appellate jurisdiction, that would require further adjudication by the District Court, namely, a full trial. Thus, the stipulation does not create finality in the consent judgment and, in the absence of that element, this Court lacks jurisdiction.

Accordingly, the appeal will be dismissed for lack of jurisdiction.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals

for the Third Circuit