OPINION
PER CURIAM.
Frances Scarborough filed for protection under Chapter 13 of the Bankruptcy Code on October 31, 2001. In July 2002, she instituted an adversary proceeding to bifurcate the claim of Chase Manhattan Mortgage Corporation (“Chase Manhattan”), the mortgagee of her duplex residence, into a secured claim and unsecured claim pursuant to 11 U.S.C. § 506(a) and to determine the correct amount of the mortgage arrearage. She later filed an amended complaint to revise the alleged amounts of the secured and unsecured portions of Chase Manhattan’s claim. She wished to define the secured claim as equal to the then-current market value of the property, with the remainder of her mortgage debt becoming unsecured. After a trial, the Bankruptcy Court held that the anti-modification provision of 11 U.S.C. § 1322(b)(2) barred the bifurcation of Chase Manhattan’s claim. Scarborough appealed to the District Court, which affirmed the Bankruptcy Court’s order. Scarborough filed an appeal of that decision with us.
While that appeal was pending, the Bankruptcy Court granted Scarborough a final continuation of her Chapter 13 confirmation plan and later held a hearing on her sixth proposed Chapter 13 plan. At the hearing, Scarborough testified and provided documents about her income and expenses; the bankruptcy trustee moved to dismiss Scarborough’s case; and Chase Manhattan moved for relief from the automatic stay or, in the alternative, to dismiss Scarborough’s case. On July 21, 2005, the Bankruptcy Court denied confirmation of Scarborough’s plan. The Bankruptcy Court also dismissed Scarborough’s bankruptcy case and barred Scarborough from filing a Chapter 13 petition within 180 days of its order.
Scarborough appealed the Bankruptcy Court’s order to the District Court. She argued that the Bankruptcy Court should not have ruled on whether her plan was feasible or confirmable because her appeal of the order denying bifurcation was pending, but that, in any event, she had presented a feasible plan appropriate for confirmation to the Bankruptcy Court. Reviewing the evidence related to Scarborough’s income and expenses (including a sum of $36,053.00 for the Chase Manhattan mortgage), the District Court affirmed the Bankruptcy Court’s order denying confirmation of Scarborough’s amended Chapter 13 plan. The District Court expressed its disagreement with Scarborough’s argument that the feasibility of her plan should not be evaluated before the resolution of her appeal of the bifurcation issue. However, the District Court stated that “[i]f the Third Circuit overturns the Bankruptcy Court’s denial of the Debtor’s request for bifurcation, *91 the Court will take the appropriate action.” We have since overturned the order denying bifurcation of Scarborough’s claim.[1] See In re Scarborough, 461 F.3d 406 (3d Cir.2006). The District Court has not yet taken further action.
In light of the District Court’s statement that the outcome of Scarborough’s case was contingent on our decision in Scarborough’s other appeal, we conclude that we lack appellate jurisdiction over this appeal. Appellate jurisdiction attaches over an appeal from a final order under 28 U.S.C. § 1291, from a collateral order under the doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), from an appropriate order relating to the grant or denial of injunctive relief under 28 U.S.C. § 1292(a), and questions certified pursuant to 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b). See In re Briscoe, 448 F.3d 201, 211 (3d Cir.2006). The only potential source of jurisdiction for this appeal is 28 U.S.C. § 1291.
For jurisdiction to attach under 28 U.S.C. § 1291, there must be a District Court decision that “ ‘ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.’ ” See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). A judgment must be final as to all parties, all causes of action, and the whole subject-matter. See Andrews v. United States, 373 U.S. 334, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963) (citing Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616 (1920)); Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir.1991).
Granted, in bankruptcy eases, we do “apply a broader concept of finality,” considering such factors as “ ‘the impact of the matter on the assets of the bankruptcy estate, the preclusive effect of a decision on the merits, and whether the interest of judicial economy will be furthered.’ ” In re Marvel Entm’t Group, 140 F.3d 463, 470 (3d Cir.1998). For this reason, we have permitted review of discrete portions of an action before the approval of a bankruptcy plan. See In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir.1985).
However, in this case, there is no discrete issue that begs for resolution. It is not a case of an appeal on “issues central to the progress of the bankruptcy petition, those ‘likely to affect the distribution of the debtor’s assets or the relationship among the creditors.’ ” See In re Owens Corning, 419 F.3d 195, 203 (3d Cir.2005) (quoting In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir.1988)). The order relates to the dismissal of the petition itself—but a dismissal contingent on our decision in a related appeal of a then-unresolved issue.
The jurisdictional issue is not unlike that presented in cases of consent judgments produced by contingent settlements. As in Verzilli v. Flexon, Inc., 295 F.3d 421 (3d Cir.2002), and Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431 (3d Cir.2003), the District Court’s order was “not an appealable final order because the termination of the litigation was contingent on [us] reaching a particular re- *92 suit” in an appeal. Fed. Home Loan Mortgage Corp., 316 F.3d at 438 (describing the Verzilli rule).
In Verzilli, the parties had stipulated that the litigation would end only if we affirmed an interlocutory order of the district court. 295 F.3d at 422. In that case, we concluded that we lacked jurisdiction, as only one of our possible rulings would end the district court’s work. See id. at 425. If we had reversed the district court’s order or dismissed the appeal for lack of jurisdiction, the district court would have been obligated to further adjudicate the matter. See id. Accordingly, we held that there was no final order. See id.
In Fed. Home Loan Mortgage Corp., the parties had entered into a consent judgment, which provided that judgment in favor of the plaintiffs was entered on count one of the plaintiffs’ complaint in accordance with an earlier order, and that counts two and three of the plaintiffs’ complaint were dismissed, without prejudice, subject to plaintiffs’ right to reinstate their claims if we vacated the earlier order in an appeal that the defendant was planning to pursue. See 316 F.3d at 437-38. Because the plaintiffs still could have brought two of their claims if we had reversed the order and remanded the case, we concluded that we lacked jurisdiction over the appeal that the defendant brought. See id. at 440. We held that the appealed-from order was the product of contingent settlement that lacked the requisite finality. See id.
In this case, the District Court’s order would have ended the litigation on the whole subject-matter only if we had affirmed the order denying the bifurcation of Chase Manhattan’s claim. A ruling reversing the order denying bifurcation would not have the same effect. The District Court stated, in definite terms, that it would take action in the event of a reversal. The District Court may take the action it deems appropriate, as it retains jurisdiction over this matter. See Venen v. Sweet, 758 F.2d 117, 121 (3d Cir.1985). Because we, on the other hand, lack jurisdiction, we will dismiss this appeal.

. In our opinion, we noted that Scarborough testified at the trial on the bifurcation of her claim that the value of the mortgaged property was $13,000.00, while Chase Manhattan submitted the City of Philadelphia’s Board of Revision of Taxes Property Record, which listed the value as $26,500.00. See In re Scarborough, 461 F.3d at 409. We also noted that Scarborough had appealed the City's valuation, but that her appeal had not been decided at the time of trial. See id.