**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3574
_____

JERROLD B. KNOEPFLER;
*THE ESTATE OF INTERNATIONAL MEAT TRADER'S INC.,**
Appellants

v.

GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA; BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA

*(Pursuant to Rule 12(a) Fed. R. App. P.)
** Dismissed Pursuant to Clerk's Order Dated 1/24/2011
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 01-cv-05186)
District Judge:  Honorable William H. Walls
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2012

Before:  JORDAN, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: July 10, 2012 )

_____

OPINION
_____

PER CURIAM

Jerrold Knoepfler, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint pursuant to a Settlement Agreement executed by the parties. For the reasons that follow, we will dismiss the appeal.

On October 10, 2001, Knoepfler filed an action in state court in New Jersey against Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America (collectively "Guardian"), seeking recovery of disability benefits under two insurance policies.[1] Guardian removed the action to the District Court on the basis of diversity of citizenship. On March 25, 2004, Guardian moved for summary judgment, arguing that the action was barred by the three-year period of limitations set forth in the insurance policies. The District Court determined that Knoepfler's claims were time-barred and granted Guardian's summary judgment motion. Knoepfler appealed. Upon review, we determined that the District Court erred in granting summary judgment in favor of Guardian and reversed and remanded the case for further proceedings. See Knoepfler v. Guardian Life Ins. Co. of Am., 438 F.3d 287 (3d Cir. 2006).

A jury trial commenced on July 13, 2010. On the morning of what was to be the fifth day of trial, the parties, both represented by counsel, reached and executed a

---

[1] Guardian Life Insurance Company of America is the parent company of Berkshire Life Insurance Company.

Settlement Agreement. After the parties signed the Settlement Agreement, the District Court held a hearing on the record where Knoepfler testified as to his mental fitness and willingness to enter into the Settlement Agreement, as well as to his understanding and acceptance of its terms. The District Court then dismissed the jury. On July 21, 2010, Guardian sent a settlement check to Knoepfler's attorney. On July 29, 2010, the District Court entered the "Stipulation and Order of Dismissal," previously signed by counsel to both parties, dismissing the matter with prejudice. Knoepfler filed a timely notice of appeal seeking review of the District Court's July 29, 2010 order. Guardian argues, inter alia, that Knoepfler lacks standing to bring this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "[A]s a general rule, a party cannot appeal a consent judgment." Verzilli v. Flexon, Inc., 295 F.3d 421, 424 (3d Cir. 2002). However, exceptions to this general rule include a party's failure to assent to the agreement, the underlying court's lack of subject matter jurisdiction, and an express reservation of the right to appeal in the stipulation. In re Sharon Steel Corp., 918 F.2d 434, 437 n.3 (3d Cir. 1990); Verzilli, 295 F.3d at 424.

In his appellate brief, Knoepfler does not argue that the District Court lacked subject matter jurisdiction over the case, or that the parties reserved the right to appeal in the Settlement Agreement. Rather, he asserts that he agreed to settle the matter because he "had no other option but to settle as the 'deck of cards' had been stacked against him on all sides." (See Appellant's Br. at 1.) Knoepfler further claims that he has never been

3

presented with an original copy of the settlement agreement, but that the "terms [are] not consistent with [his] memory or with [his] wife['s]" (Id. at 9.)

To the extent that Knoepfler is attempting to argue that he did not assent to the Settlement Agreement, the claim is belied by the record. On the day that the parties signed the Settlement Agreement, the District Court, as well as Knoepfler's attorney, questioned him at length on the record about his acceptance of its terms. (Appellee's App. at 18-29.) Knoepfler confirmed that he had reviewed the Settlement Agreement, that his initials appeared on each page of the document, and that his signature was his own. (Id. at 21.) He also acknowledged that he was aware that the Settlement Agreement was the final disposition of the case and that it barred him from taking further action in any court. (Id. at 22; 24.) Knoepfler further testified that he was competent to enter into the Settlement Agreement. (Id. at 23.) His wife also testified that Knoepfler was competent to enter into the Settlement Agreement and that he did so voluntarily. (Id. at 25-26.)

Knoepfler does not point to any evidence which might suggest that he did not assent to the Settlement Agreement. He does not dispute that he accepted and deposited the settlement check. His apparent dissatisfaction with the way in which the case progressed before the parties executed the Settlement Agreement does not undermine the fact that he agreed to it and testified on the record that he was competent to do so.

Accordingly, because no exception to the general rule barring a party from appealing a consent judgment exists here, Knoepfler cannot appeal the July 29, 2010

order dismissing the case by stipulation of the parties. The appeal is therefore dismissed.

We grant Guardian's motions to seal various documents filed in this Court.