NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3029
_____

In re:  VICTOR MONDELLI,
Debtor

VICTOR MONDELLI,
ANNA MONDELLI and
KENNETH ROSELLINI, ESQ.,
Appellants

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-10-cv-03393)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2012

Before:  RENDELL, FUENTES and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion Filed December 26, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Appellant/Debtor Victor Mondelli and Appellant Anna Mondelli, a purported

intervenor, appeal the District Court's dismissal of their appeals of eleven bankruptcy

orders and the District Court's denial of their motion for reconsideration.  In addition,

Kenneth Rosellini, the Mondellis' lawyer, appeals the District Court's imposition of Rule

11 sanctions against him and the District Court's denial of his motion for reconsideration. For the reasons discussed below, we will affirm.

I.

Mondelli filed for relief under Chapter 13 of the Bankruptcy Code on February 18, 2004. He later requested that the case be dismissed. The Chapter 13 Trustee suggested that, as an alternative to dismissal, the case be converted to Chapter 7, and instructed Mondelli to attend a hearing on the possible conversion. Neither Mondelli nor his lawyer attended. On October 21, 2004, the Bankruptcy Court converted the case to Chapter 7, and on February 7, 2005, for reasons not related to this appeal, the Bankruptcy Court reconverted the case to Chapter 13. The Bankruptcy Court amended its February 7, 2005 Order on February 15, 2005, and the Chapter 13 Plan was ultimately confirmed on February 3, 2006. On February 21, 2007, the Bankruptcy Court vacated the February 7, 2005 Order and converted the case back to Chapter 7. The Mondellis now appeal the February 7, 2005 and February 15, 2005 Orders for the first time.

In orders dated April 6, 2005 and April 20, 2005, the Bankruptcy Court granted compensation to the Chapter 7 Trustee. The Mondellis now appeal these orders for the first time.

On May 15, 2007, the Bankruptcy Court entered a consent order, agreed to by Mondelli, authorizing Mondelli to obtain a loan from Jack Silverman Realty & Mortgage Co. ("JSRM"). On May 16, 2007, the Bankruptcy Court entered a related consent order, agreed to by Mondelli, which authorized Mondelli to lease property to Berkeley Realty Partners 224, LLC ("Berkeley"). On June 27, 2007, the Bankruptcy Court entered

another consent order, which Mondelli again agreed to, authorizing Mondelli to lease an additional property to Berkeley. None of the consent orders included provisions that authorized a party to appeal the order, and Mondelli was represented by counsel when he agreed to all three consent orders. On November 19, 2007, the Bankruptcy Court entered an order enforcing the consent orders. *In re Victor Mondelli*, No. 04-15268 (Bankr. D.N.J. Nov. 19, 2007). Mondelli filed a motion for reconsideration, which the Bankruptcy Court denied. Mondelli appealed this ruling to the District Court, which dismissed Mondelli's appeal for failure to comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure. *Mondelli v. Berkeley Realty Partners # 244, LLC*, 2008 WL 3843268 (D.N.J. Aug. 14, 2008). On further appeal, we then affirmed. *In re Mondelli*, 349 Fed. App'x. 731 (3d Cir. 2009).

On October 17, 2007 and May 7, 2008, the Bankruptcy Court entered orders granting attorneys fees to the Chapter 7 Trustee. On January 7, 2009, the Bankruptcy Court entered an order approving the "third and final application" for fees. On January 20, 2009, Mondelli filed a notice of appeal to the District Court of the October 17, 2007, May 7, 2008, and January 7, 2009 Orders. He thereafter failed to prosecute these appeals. The Mondellis now appeal these orders to this Court. On October 21, 2009, the Bankruptcy Court entered an order granting the Trustee fees and expenses. The Mondellis now appeal this order for the first time.

On March 15, 2010, the Bankruptcy Court entered its Final Decree. On March 29, 2010, the Mondellis filed a notice of appeal to the District Court, indicating their intent to

appeal eleven orders. As described in the Mondellis' notice of appeal, these orders include:

- February 7, 2005 Order Converting Case to Chapter 13;
- February 15, 2005 Amendment to Order Converting Case to Chapter 13;
- April 6, 2005 Order Granting Compensation to Trustee;
- April 20, 2005 Order Granting Compensation to Trustee;
- May 15, 2007 Consent Order Authorizing Ground Lease;
- May 16, 2007 Consent Order Authorizing Debtor to Enter into a Ground Lease;[1]
- October 17, 2007 Order Granting Attorneys Fees for Trustee;
- May 7, 2008 Order Granting Attorneys Fees for Trustee;
- January 7, 2009 Order Granting Attorneys Fees for Trustee;
- October 21, 2009 Order Granting Trustee Fees and Expenses; and
- March 15, 2010 Final Decree.

In connection with the appeal of the May 15, 2007 and May 16, 2007 consent orders, JSRM and Berkeley (the "Rule 11 Movants") moved for Rule 11 sanctions against the Mondellis' attorney, Kenneth Rosellini, and Hallock and Cammarota, LLP, the law firm where Rosellini was "Of Counsel" ("Rule 11 Defendants"). JSRM and Berkeley did not serve the Rule 11 Defendants with a copy of the Rule 11 motion that they intended to file. Rather, JSRM and Berkeley sent the Rule 11 Defendants a letter that outlined some of their reasons as to why Rule 11 sanctions were warranted.

The District Court dismissed all of the appeals, reasoning that the Mondellis did not have standing to appeal the Final Decree, and that their appeals of the other ten other orders was untimely.[2] In addition, the District Court concluded that the letter JSRM and

---

[1] Without explanation, the Mondellis' brief substitutes the June 27, 2007 consent order for the May 16, 2007 consent order. We will consider the Mondellis as having appealed both decisions.

[2] This opinion will refer to these ten orders as the "Orders."

4

Berkeley sent to the Rule 11 Defendants substantially complied with Rule 11's safe-harbor provision, and granted sanctions against both Rosellini and Hallock and Cammarota, LLP (the "Rule 11 Order"). The District Court, however, limited the basis of the sanctions to the allegations set forth in the letter.

The Mondellis filed a motion for reconsideration, and in response, the Rule 11 Movants moved for additional Rule 11 sanctions. In addition, Rosellini filed a motion for reconsideration of the Rule 11 Order. The District Court denied both motions for reconsideration and the subsequent motion for sanctions.

The Mondellis now appeal the dismissal of all of their appeals to this Court. In addition, Rosellini appeals the imposition of sanctions.

II.

a. *The Bankruptcy Orders*

On appeals from the District Court's review of bankruptcy matters, we review findings of fact under the clearly erroneous standard and exercise plenary review over questions of law. *In re Dykes*, 10 F.3d 184, 185-86 (3d Cir. 1993).

The Mondellis raise two arguments as to why this Court should reverse the District Court's dismissal of their appeals of eleven bankruptcy orders. First, the Mondellis argue that the Bankruptcy Court erred in converting Mondelli's case to Chapter 7 instead of dismissing it as he requested in 2004.[3] The Mondellis, who do not

---

[3] Although irrelevant to our decision, we note that Mondelli never filed a motion to dismiss the Chapter 13 case nor did he file a motion opposing the conversion of his case to Chapter 7. In addition, Mondelli's motion to reconvert his case to Chapter 13, (A-885), makes no contention that the District Court erred in converting the case to Chapter

5

contend that their appeals of the Orders were timely, appear to suggest that this error absolves them of having to have raised timely appeals. Second, the Mondellis argue that because the Bankruptcy Court never issued an order approving the Trustee's Final Report, they should be allowed to appeal the Final Decree. Neither of these arguments has merit.

### i. *The Orders*

A party has fourteen days from the date of the entry of the judgment to file a notice of appeal. Fed. R. Bankr. P. 8002(a). This deadline is strictly construed, *In re Universal Minerals, Inc*., 755 F.2d 309, 311 (3d Cir. 1985), and a party's failure to file a timely notice of appeal creates a jurisdictional defect that bars appellate review. *S'holders v. Sound Radio, Inc*., 109 F.3d 873, 879 (3d Cir. 1997). Thus, any alleged error by the Bankruptcy Court in converting Mondelli's case to Chapter 7 in 2004—a decision that Mondelli did *not* appeal[4]— is irrelevant in deciding whether the Mondellis' appeals of the Orders should be dismissed because they were untimely. The only inquiry is whether the Mondellis met the deadline, and it is clear they did not. Although as noted, the Mondellis do not argue that the District Court erred in concluding that the Mondellis' appeals of the Orders were untimely, we will briefly address the Orders at issue.

---

7—only that Mondelli "attempted to have a Voluntary Dismissal." As discussed *supra*, Mondelli was successful in reconverting his case to Chapter 13.

[4] Mondelli appealed the Bankruptcy Court's decision to reconvert the case from Chapter 13 to Chapter 7 in 2007. The District Court affirmed the Bankruptcy Court's decision, *Mondelli v. Greenberg*, 2007 WL 4365310 (D.N.J. Dec. 12, 2007), which Mondelli did not appeal.

6

The Mondellis missed the deadline to appeal the February 7, 2005 and February 15, 2005 Orders by almost four years, as these orders were final when the Chapter 13 plan was approved on February 3, 2006. *See In re Young*, 237 F.3d 1168, 1172-73 (10th Cir. 2001); *In re Salvo*, 2008 WL 938585, at *2-3 (Bankr. N.D. Oh. Apr. 4, 2008). Similarly, Mondelli's appeals of the Bankruptcy Court's April 6, 2005 Order, April 20, 2005 Order, October 17, 2007 Order, May 7, 2008 Order, and January 7, 2009 Order, which granted attorneys fees to the Chapter 7 Trustee, and its October 21, 2009 Order that granted compensation to the Chapter 7 Trustee, are well past the fourteen day deadline, as these orders were final for purposes of appeal when they were entered on the docket. *See S'holders*, 109 F.3d at 880-81.

The Mondellis' appeal of the May 15, 2007, May 16, 2007, and June 27, 2007 consent orders is also untimely. Moreover, the Mondellis are precluded from even appealing these orders, as they are consent judgments, *see Verzilli v. Flexon, Inc.*, 295 F.3d 421, 424 (3d Cir. 2002) (explaining circumstances when a party can appeal a consent judgment), and this Court had already considered the merits of these orders in *In re Mondelli,* 349 Fed. App'x. 731 (3d Cir. 2009). Accordingly, we will affirm the District Court's dismissal of the Mondellis' appeals of the Orders.

ii. *The Final Decree*

Moreover, we agree with the well-reasoned analysis of the District Court that the Mondellis did not have standing to appeal the Final Decree. "[O]nly those whose rights or interests are directly and adversely affected pecuniarily by an order of the bankruptcy court may bring an appeal." *In re PWS Holding Corp*., 228 F.3d 224, 249 (3d Cir. 2000)

7

(internal quotation marks and citation omitted).  Here, the Final Decree did nothing more than recognize that the estate had been fully administered and order necessary ministerial acts.  Indeed, the Mondellis do not even suggest that any right has been compromised by the Final Decree.  Thus, we will affirm the District Court's dismissal of the Mondellis' appeal of this order.

b. *Rule 11 Sanctions*

The parties dispute whether the Rule 11 Movants' letter to the Rule 11 Defendants was procedurally defective.[5]  We agree with the District Court that the letter substantially complied with the safe-harbor provision in Rule 11 and that the Rule 11 Movants are entitled to a decision on the merits of their request for sanctions.  *See Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003) (holding defendants substantially complied with safe-harbor provision by sending notification letter); *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 480 n.27 (S.D.N.Y. 2003) (same).

We conclude that the District Court did not abuse its discretion in imposing sanctions on the Rule 11 Defendants for appealing two (or three) consent orders.  *See Waltz v. Cnty. of Lycoming*, 974 F.2d 387, 388 (3d Cir. 1992) (explaining that this Court reviews a district court's imposition of Rule 11 sanctions for abuse of discretion).  A party cannot appeal a consent judgment unless at least one of three exceptions applies: (1) a party did not actually consent; (2) the court approving the consent order lacked the subject matter jurisdiction to enter the judgment; and (3) the consent judgment explicitly reserves the right to appeal.  *Verzilli*, 295 F.3d at 424; *In re Sharon Steel Corp.*, 918 F.2d

---

[5] The Rule 11 Defendants did not challenge the Rule 11 Movants' motion on procedural grounds to the District Court.  The District Court raised the issue *sua sponte*.

8

434, 437 n.3 (3d Cir. 1990).  None of these exceptions apply here.  As such, we will affirm the District Court's imposition of sanctions.

III.

For the reasons stated above, we will affirm the District Court's ruling.