**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3947
_____

JOSEPH RESCH,
ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,
Appellant

v.

KRAPF'S COACHES, INC.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 11-cv-06893)
District Judge:  Honorable William H. Yohn, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2014
_____

Before: AMBRO and BARRY, <u>Circuit Judges</u>
and RESTANI,[*] <u>Judge</u>

(Opinion Filed: June 20, 2014)
_____

OPINION
_____

---

[*]  The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

BARRY, Circuit Judge

Appellants, current and former employees of Krapf's Coaches, Inc. ("KCI"), appeal the order of the District Court granting summary judgment to KCI on appellants' claim for violation of the Fair Labor Standards Act ("FLSA"). Because the appeal was taken from an order that is not final within the meaning of 28 U.S.C. § 1291, we will dismiss the appeal for lack of jurisdiction.

In 2011, Appellants initiated this action, alleging violations of both the FLSA and the Pennsylvania Minimum Wage Act ("PMWA"). KCI moved for summary judgment on the FLSA claim, but not the PMWA claim. The District Court[1] granted KCI's motion for summary judgment on August 29, 2013. On September 10, 2013, the Court entered an order, pursuant to the stipulation of the parties, which stated that the outstanding PMWA claim was "dismissed WITHOUT PREJUDICE to Plaintiffs renewing the PMWA claim only in the event that: (i) Plaintiffs appeal from the District Court's August 29, 2013 order granting summary judgment in Defendant's favor with respect to Plaintiffs' Fair Labor Standards Act claim, see Docs. 57-58, and (ii) the Third Circuit Court of Appeals decides such appeal in Plaintiffs' favor." (App. at 758.)

We have "adhered consistently to the general rule that we lack appellate jurisdiction over partial adjudications when certain of the claims before the district court have been dismissed *without prejudice*." Federal Home Loan Mortg. Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 438 (3d Cir. 2003) (emphasis in original). While we have held

---

[1] The District Court had jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and over the PMWA claim pursuant to 28 U.S.C. § 1367.

2

that, "[i]n some circumstances, the path to finality may be shortened through agreement of the parties," we have consistently held that "a final judgment under section 1291 is a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Verzilli v. Flexon, Inc., 295 F.3d 421, 424 (3d Cir. 2002) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)) (internal quotation marks omitted). Here, because Appellants' PMWA claim was dismissed "without prejudice," the order of the District Court is not final under 28 U.S.C. § 1291.

We will dismiss the appeal for lack of jurisdiction.