J. A15037/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

DONALD NEWELL, ADMINISTRATOR OF :    IN THE SUPERIOR COURT OF
THE ESTATE OF VICTOR NEWELL, :        PENNSYLVANIA
DECEASED, :
              Appellant :
:
          v. :
:
COLORADO CAFE, MONTANA WEST, :
INC., GIAMBRONE ENTERPRISES, L.P., :
JOHN GIAMBRONE, COLLEEN :
GIAMBRONE, JOSEPH GIAMBRONE, :
ANGELA GIAMBRONE, GEORGE :
KRIZENOWSKI, THE STORM, :
DHL MACHINE COMPANY, DHL :
MACHINE INTERNATIONAL, INC., :
HALEIGH OLIEMULLER AND KIM :
OLIEMULLER :
                                   :     No. 2612 EDA 2014

Appeal from the Order Entered August 5, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: 120400813

BEFORE: BOWES, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED OCTOBER 05, 2015**

Appellant, Donald Newell, administrator of the estate of Victor Newell,

deceased, appeals from the order entered in the Philadelphia County Court

of Common Pleas granting summary judgment in favor of Appellees,

Montana West, Inc., Giambrone Enterprises, L.P., John Giambrone, Colleen

Giambrone, Joseph Giambrone, Angela Giambrone, George Krizenowski, The

Storm, DHL Machine Co., and DHL Machine International, Inc. Because an

---

[*] Former Justice specially assigned to the Superior Court.

underlying settlement agreement is contingent on how this Court rules on this appeal, we quash this appeal as interlocutory.

The underlying facts are not pertinent to our disposition. On August 5, 2014, the court granted the aforementioned motion for summary judgment. On August 29, 2014, the court approved the following stipulation:

> AND NOW this 28th day of August, 2014, plaintiff Estate of Victor Newell and defendants Haleigh Oliemuller and Kim Oliemuller stipulate the case is settled pursuant to the following terms and conditions:
>
> 1. The settlement among the plaintiff and defendants, Haleigh Olemuller [sic] and Kim Oliemuller is contingent on the final outcome of the Court's motion for summary judgment Order dated August 5, 2014.
>
> 2. If the Court's August 5, 2014 Order granting summary judgment in favor of Defendants Montana West, Inc., Giambrone Enterprises, L.P., John Giambrone, Colleen Giambrone, Angela Giambrone, George Krizenowski and The Storm (the "Order") is vacated and/or reversed by an appellate court, then the settlement among plaintiff and defendants, Haleigh Olemuller [sic] and Kim Oliemuller shall be stricken.
>
> 3. However, if the August 5, 2014 Order is deemed final and unappealable then Haleigh Olemuller [sic] shall tender her Allstate automobile policy (#908075667) limit within twenty days from the date the Order becomes final and unappealable.

Ex. A to DHL Machine and DHL Int'l's (collectively "DHL") Mot. to Quash Appeal. The stipulation was signed by Appellant's counsel and counsel for the Oliemullers. *Id.* The stipulation was also approved under the trial judge's signature. *Id.* Appellant did not file a praecipe to discontinue any outstanding claims.

Appellant timely appealed on September 4, 2014. The court did not order Appellant to comply with Pa.R.A.P. 1925(b), although it filed a Rule 1925(a) opinion. Appellant raised the following issues on appeal:

> Did the trial court err in finding that as a matter of law that [Appellee] Montana West did not owe [Victor Newell] a duty of care [given the following] undisputed facts . . . .
>
> Did the trial court err in finding that as a matter of law that [Appellee] DHL did not owe Victor Newell a duty of care when he was struck and killed on a state highway while walking to his parked car in DHL's lot.

Appellant's Brief at 5-7.[1]

As a prefatory matter, we address Appellees' renewed motion to quash. Pennsylvania Rule of Appellate Procedure 341 defines a final order for purposes of appeal:

> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties . . . .
>
> \* \* \*
>
> **(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other

---

[1] Appellant's statement of questions presented included fifteen alleged undisputed facts.

governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(a)-(c).

Pennsylvania law makes clear that an appeal may be taken from a final order or an order certified as a final order; an interlocutory order as of right; an interlocutory order by permission; or a collateral order. A final order is one that disposes of all the parties and all the claims in a case, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination. [T]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order.

*Takosky v. Henning*, 906 A.2d 1255, 1258 (Pa. Super. 2006) (footnotes, citations, and quotation marks omitted). "Conversely phrased, '(a)n order is interlocutory and not final unless it effectively puts the defendant 'out of court.'" *Piltzer v. Independence Fed. Sav. & Loan Ass'n of Phila.*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974).

A federal case illustrates the lack of finality caused by a contingent settlement agreement. In *Verzilli v. Flexon, Inc.*, 295 F.3d 421 (3d Cir. 2002),[2] the parties stipulated to the following: "The parties agree that there

---

[2] With respect to federal decisions, we acknowledge the following:

[F]ederal court decisions do not control the determinations of the Superior Court. Our law clearly states that, absent a United States Supreme Court pronouncement, the

will be no further proceedings in this case unless the [district court's] order of April 3, 2001 [pretrial ruling on damages] is reversed on appeal." *Id.* at 422 (second alteration in original). The stipulation also provided that if the appellate court reversed, the defendant "will be permitted to present a full and complete defense to all issues in this case (damage and liability)." *Id.* The plaintiff appealed the trial court's pretrial ruling and the Court of Appeals examined whether it had jurisdiction.

The *Verzilli* Court ascertained whether the order was "final," observing that a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 424 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S. Ct. 2454, 2457, 57 L. Ed. 2d 351, 357 (1978)). The Court of Appeals held that the district court's order was not final, as it covered "only one possible outcome of the appeal—an affirmance by this Court." *Id.* at 425. "According to the stipulation, if this Court should decide to reverse, then the matter would return to the District Court for a full trial. Similarly, if this Court declined to

> decisions of federal courts are not binding on Pennsylvania state courts, even when a federal question is involved. . . . Whenever possible, Pennsylvania state courts follow the Third Circuit so that litigants do not improperly "walk across the street" to achieve a different result in federal court than would be obtained in state court.

*NASDAQ OMX PHLX, Inc. v. PennMont Secs.*, 52 A.3d 296, 303 (Pa. Super. 2012) (citations omitted); *accord Parr v. Ford Motor Co.*, 109 A.3d 682, 693 n.8 (Pa. Super. 2014) (*en banc*).

decide the propriety of the pretrial ruling, the case would be remanded to the District Court." ***Id.*** The ***Verzilli*** Court thus quashed the appeal for lack of jurisdiction. ***Id.***

Instantly, the August 29, 2014 stipulation permits further litigation if this Court affirms. Nothing in the stipulation requires Appellant to accept Haleigh Oliemuller's offer of a sum equal to the limits of her automobile insurance policy. ***See*** Ex. A to DHL's Mot. to Quash Appeal. There is no language compelling Appellant to discontinue with prejudice his claims against each Oliemuller defendant. ***See id.*** The plain language of the stipulation permits Appellant to continue pursuing his claims against each Oliemuller defendant even if this Court affirms the order below and Haleigh tenders her policy limit. ***See id.*** Simply, further piecemeal litigation could ensue thus rendering the instant appeal premature. ***See*** Pa.R.A.P. 341; ***Takosky***, 906 A.2d at 1258. To paraphrase the ***Verzilli*** Court, the trial court is not limited to only executing the judgment should this Court affirm. ***See Verzilli***, 295 F.3d at 424. In sum, the conditional nature of the stipulation defeats finality. ***See*** Pa.R.A.P. 341; ***Verzilli***, 295 F.3d at 424; ***see also Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.***, 316 F.3d 431, 440 (3d Cir. 2003) ("[L]itigants should not be able to avoid the final judgment rule without ***fully relinquishing*** the ability to further litigate unresolved claims." (citation omitted)). Accordingly, we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/5/2015</u>