**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2779
_____

JOSEPH J. COLEY,
                                        Appellant

v.

JESSICA M. SWARTZ; KENNETH A. WALSH; MARY ANN FLYNN;
LEIGH A. BRADLEY; U.S. DEPARTMENT OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 17-cv-02656)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2019

Before: CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 30, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Coley, a military veteran, appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint pursuant to a Settlement Agreement executed by the parties. For the reasons that follow, we will dismiss the appeal.

In July 2016, Coley filed a complaint against the United States Department of Veterans Affairs (the "VA") and four of its employees alleging that his records, including confidential information such as his medical data, date of birth, and social security number, were unlawfully disclosed. According to the complaint, during the pendency of Coley's appeal to the Board of Veterans' Appeals from the denial of his claim for veterans' benefits, he requested a copy of his records; in response, he received the records of another veteran, Mr. Rodriguez. Coley maintains that his records were erroneously sent to Rodriguez. Coley sought $62,500,000 in damages.

The District Court construed the complaint liberally as alleging violations of the Privacy Act, 5 U.S.C. § 552a, and of 38 U.S.C. § 5701, regarding the confidential nature of VA records. The Court dismissed the complaint without prejudice against the four VA employees for lack of service. The remaining part of the matter was referred to a Magistrate Judge for settlement proceedings. On July 17, 2018, after the VA filed a motion for summary judgment, the parties entered into a settlement agreement. That same day, pursuant to the agreement of the parties and to the Local Rules, the District Court dismissed the case with prejudice. See E.D. Pa. L.R. 41.1(b). This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. As a general rule, a party cannot appeal a settlement agreement. See Verzilli v. Flexon, Inc., 295 F.3d 421, 424 (3d

2

Cir. 2002). However, exceptions to this general rule include a party's failure to assent to the agreement, the underlying court's lack of subject matter jurisdiction, and an express reservation of the right to appeal in the stipulation. In re Sharon Steel Corp., 918 F.2d 434, 437 n.3 (3d Cir. 1990); Verzilli, 295 F.3d at 424.

In his brief, Coley does not argue that the District Court lacked subject matter jurisdiction, or that the parties reserved the right to appeal in the Settlement Agreement. Rather, he objects to several statements made by the Magistrate Judge during the settlement conference. To the extent that Coley is arguing that he did not assent to the Settlement Agreement, he could have sought to vacate the dismissal in the District Court by filing a motion under E.D. Pa. L.R. 41.1(b) or a motion to vacate pursuant to Fed. R. Civ. P. 60(b).[1] See Shell Petroleum, Inc. v. United States, 182 F.3d 212, 219 (3d Cir. 1999) (noting that "absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal") (citation omitted). We nevertheless have examined the challenged statements and find no bases for allowing the appeal to proceed.

Coley alleges that at the start of the settlement conference, the Magistrate Judge stated to him, "What do you think this is? The lottery?" This statement, if indeed stated

---

[1] Coley claims that he wrote a letter to the District Court two days after the dismissal order, but there is no entry on the docket reflecting it, and the copy of the letter he presents on appeal is undated. We note that, even assuming the letter could have been construed as a motion to vacate the dismissal order, it failed to establish the requisite cause to support such action. See E.D. Pa. L.R. 41.1(b); see also Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) ("We view Rule 60(b) motions as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'") (citation omitted).

3

by the Magistrate Judge, was likely a reference to Coley's exorbitant claim for damages and an effort to facilitate negotiations towards an appropriate monetary settlement. Coley does not provide sufficient context for the other statements he challenges, nor does he state how the Magistrate Judge's alleged conduct affected his ultimate decision to agree to the settlement. Absent evidence that the agreement was not voluntarily executed, no exception to the general rule barring a party from appealing a consent judgment exists here.

Accordingly, Coley has waived his right to appeal the July 17, 2018 order dismissing the case by stipulation of the parties. We will therefore dismiss the appeal.