J-A05021-17

2017 PA Super 112

| | |
|---|---|
| DAVID G. OBERDICK<br><br>v.<br><br>TRIZECHAHN GATEWAY, LLC, TRIZEC R&E HOLDINGS, LLC, SUCCESSOR-BY-MERGER TO TRIZECHAHN GATEWAY, LLC, TRIZEC HOLDINGS II, INC., TRIZEC HOLDINGS II, LLC, F/K/A TRZ HOLDINGS II, INC., SUCCESSOR-IN-INTEREST TO TRIZECHAHN GATEWAY, LLC, KATHLEEN G. KANE, ESQUIRE, TED R. JADWIN, ESQUIRE, NEAL H. LEVIN, ESQUIRE, FREEBORN & PETERS LLP, ALBERT J. ZANGRILLI, JR., ESQUIRE, AND YUKEVICH, MARCHETTI, LIEKAR & ZANGRILLI, P.C.,<br><br><br>SALLY G. OBERDICK<br><br>v.<br><br>TRIZECHAHN GATEWAY, LLC, TRIZEC R&E HOLDINGS, LLC, SUCCESSOR-BY-MERGER TO TRIZECHAHN GATEWAY, LLC, TRIZEC HOLDING II, INC., TRIZEC HOLDINGS II, LLC, f/k/a TRZ HOLDINGS II, Inc., SUCCESSOR-IN-INTEREST TO TRIZENCHAHN GATEWAY, LLC, KATHLEEN G. KANE, ESQUIRE, TED R. JADWIN, ESQUIRE, NEAL H. LEVIB, ESQUIRE, FREEBORN & PETERS LLP, ALBERT J. ZANGRILLI, Jr., ESQUIRE, AND YUKEVICH, MARCHETTI, LIEKAR & ZANGRILLI, P.C.,<br><br><br>APPEAL OF:  TRIZECHAHN GATEWAY, LLC, TRIZEC R&E HOLDINGS, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-A05021-17

SUCCESSOR-BY-MERGER TO
TRIZECHAHN GATEWAY, LLC, TRIZEC
HOLDINGS II, INC., TRIZEC HOLDINGS
II, LLC, f/k/a TRZ HOLDINGS II, INC.,
SUCCESSOR-IN-INTEREST TO
TRIZECHAHN GATEWAY, LLC, KATHLEEN
G. KANE, ESQUIRE, TED R. JADWIN,
ESQUIRE, NEAL H. LEVIN, ESQUIRE,
FREEBORN & PETERS LLP, ALBERT J.
ZANGRILLI, JR., ESQUIRE, and
YUKEVICH, MARCHETTI LIEKAR &
ZANGRILLI, P.C.

No. 745 WDA 2016

Appeal from the Order entered April 19, 2016,
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 15-4365, GD 15-4384

DAVID G. OBERDICK

v.

TRIZECHAHN GATEWAY, LLC, TRIZEC
R&E HOLDINGS, LLC, SUCCESSOR-BY-
MERGER TO TRIZECHAHN GATEWAY,
LLC, TRIZEC HOLDINGS II, INC., TRIZEC
HOLDINGS II, LLC, F/K/A
TRZ HOLDINGS II, INC., SUCCESSOR-
IN-INTEREST TO TRIZECHAHN
GATEWAY, LLC, KATHLEEN G. KANE,
ESQUIRE, TED R. JADWIN, ESQUIRE,
NEAL H. LEVIN, ESQUIRE, FREEBORN &
PETERS LLP, ALBERT J. ZANGRILLI, JR.,
ESQUIRE, AND YUKEVICH, MARCHETTI,
LIEKAR & ZANGRILLI, P.C.,

IN THE SUPERIOR COURT OF
PENNSYLVANIA

SALLY G. OBERDICK

v.

- 2 -

J-A05021-17

TRIZECHAHN GATEWAY, LLC, TRIZEC
R&E HOLDINGS, LLC, SUCCESSOR-BY-
MERGER TO TRIZECHAHN GATEWAY,
LLC, TRIZEC HOLDING II, INC., TRIZEC
HOLDINGS II, LLC, f/k/a
TRZ HOLDINGS II, Inc., SUCCESSOR-IN-
INTEREST TO TRIZENCHAHN GATEWAY,
LLC, KATHLEEN G. KANE, ESQUIRE, TED
R. JADWIN, ESQUIRE, NEAL H. LEVIB,
ESQUIRE, FREEBORN & PETERS LLP,
ALBERT J. ZANGRILLI, Jr., ESQUIRE,
AND YUKEVICH, MARCHETTI, LIEKAR &
ZANGRILLI, P.C.,


APPEAL OF:  TRIZECHAHN GATEWAY,
LLC, TRIZEC R&E HOLDINGS, LLC,
SUCCESSOR-BY-MERGER TO
TRIZECHAHN GATEWAY, LLC, TRIZEC
HOLDINGS II, INC., TRIZEC HOLDINGS
II, LLC, f/k/a TRZ HOLDINGS II, INC.,
SUCCESSOR-IN-INTEREST TO
TRIZECHAHN GATEWAY, LLC, KATHLEEN
G. KANE, ESQUIRE, TED R. JADWIN,
ESQUIRE, NEAL H. LEVIN, ESQUIRE,
FREEBORN & PETERS LLP, ALBERT J.
ZANGRILLI, JR., ESQUIRE, and
YUKEVICH, MARCHETTI LIEKAR &
ZANGRILLI, P.C.

No. 1162 WDA 2016

Appeal from the Order Entered April 19, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 15-4365


BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

OPINION BY BENDER, P.J.E.:                    **FILED APRIL 19, 2017**

Appellants, TrizecHahn Gateway, LLC, Trizec R&E Holdings, LLC,

successor-by-merger to TrizecHahn Gateway, LLC, Trizec Holdings II, Inc.,

- 3 -

Trizec Holdings II, LLC, f/k/a TRZ Holdings II, Inc., successor-in-interest to TrizecHahn Gateway, LLC (referred to collectively as "Trizec"), Kathleen G. Kane, Esq., Ted R. Jadwin, Esq., Neal H. Levin, Esq., Freeborn & Peters LLP, Albert J. Zangrilli, Jr., Esq., and Yukevich, Marchetti, Liekar & Zangrilli, P.C. (jointly referred to as "Appellants"), appeal from the April 19, 2016 order, denying their motion for summary judgment. After careful review, we reverse and remand for proceedings consistent with this opinion.

We glean the following facts and procedural history from the record. Trizec was the landlord of David G. Oberdick's ("Mr. Oberdick") former law firm. Trizec obtained a $3.3 million judgment against Mr. Oberdick and his partners for unpaid rent, after they abandoned their office lease and refused to pay the outstanding rent.[1] In 2007, as part of its collection efforts, Trizec brought a claim against Mr. Oberdick and his wife, Sally G. Oberdick ("Mrs. Oberdick") (collectively "the Oberdicks"), in the Court of Common Pleas of Allegheny County under the Pennsylvania Uniform Fraudulent Transfer Act ("PaUFTA") (referred to as "UFTA action"). The Oberdicks filed preliminary objections to the complaint in the UFTA action.

On January 23, 2008, before the UFTA action proceeded any further in state court, Mr. Oberdick filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Pennsylvania.

---

[1] This judgment was affirmed on appeal by the Pennsylvania Supreme Court. **See Trizechahn Gateway LLC v. Titus**, 976 A.2d 474 (Pa. 2009).

- 4 -

The UFTA action was subsequently removed to the bankruptcy court, at the Oberdicks' request, and was litigated therein as an adversary proceeding ("UFTA adversary action").[2]  After the parties engaged in litigation of some preliminary matters, Trizec filed an Amended Complaint on February 14, 2010.  **See** Bankruptcy Court Opinion ("BCO"), 3/26/13, at 4.[3]  The bankruptcy trustee was then substituted for Trizec as the plaintiff in the

_____

[2] On April 22, 2008, the Oberdicks filed a notice of removal in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 08-20434 MBM, in which the Oberdicks averred that "the [UFTA action] is a core proceeding within the meaning of Section 157 of Title 28 of the United States Code in that it 'arises under,' 'arises in,' and/or is 'related to' a [d]ebtor's case under the Bankruptcy Code," and therefore, they requested that the "entirety of the [UFTA action]" be removed from the Allegheny County Court of Common Pleas to the bankruptcy court.  **See** Notice of Removal, 4/22/08, at 1-3.

[3] In its Memorandum Opinion, the bankruptcy court explained:

> The gravamen of the [UFTA adversary action] as set forth in the Amended Complaint is that [Mr. Oberdick] engaged in fraudulent transfers when, subsequent to the initiation of the Lease Litigation in July 2000, he deposited his individual earnings from the law firm of Meyer, Unkovic & Scott, LLP … into a PNC Bank checking account that he jointly owned with Mrs. Oberdick in a tenancy by the entireties….  This was done primarily through the means of an electronic direct deposit.  The contention is that such deposits constituted "transfers" under PaUFTA, and that such transfers by [Mr. Oberdick] were fraudulent, either actually or constructively because they had the effect of shielding [Mr. Oberdick's] individual compensation from the reach of his creditors, such as Trizec, by converting it into entireties property.

**Id.** at 5-6.

UFTA adversary action. After extensive litigation, the bankruptcy court entered judgment on March 26, 2013, in favor of the Oberdicks, and dismissed the UFTA adversary action in its entirety.

In March of 2015, after termination of the bankruptcy case, the Oberdicks each brought a one-count complaint against Appellants under the Dragonetti Act, 42 Pa.C.S. § 8351, *et seq*.[4] On September 28, 2015, the Oberdicks each filed amended complaints in their respective cases. Thereafter, the two matters were consolidated (hereinafter referred to as "Dragonetti action").[5] Appellants moved for summary judgment and averred that the Oberdicks' claims are preempted by the Bankruptcy Code. By order dated April 19, 2016, the trial court denied Appellants' motion for summary judgment.[6]

_____

[4] Mr. Oberdick filed a Complaint in the Court of Common Pleas of Allegheny County on March 24, 2015, at No. GD-15-4365. On the same date, Mrs. Oberdick filed a separate complaint in the Court of Common Pleas of Allegheny County at No. GD-15-4384.

[5] By order of court dated January 28, 2016, the action at GD-15-4384 was consolidated into the action at GD-15-4365. Notwithstanding consolidation, the court ordered that Mr. and Mrs. Oberdick would each retain their independent substantive claims and requests for relief. **See** Trial Court Order, 1/28/16.

[6] The April 19, 2016 order was amended on May 19, 2016, to include the following requisite language for a permissive appeal:

> [T]his Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of this matter. In particular, what portion,

*(Footnote Continued Next Page)*

- 6 -

On May 25, 2016, Appellants filed a timely notice of appeal at Docket No. 745 WDA 2016, seeking review of the denial of summary judgment as a collateral order, pursuant to Pa.R.A.P. 313. On June 17, 2016, Appellants separately filed a petition for permission to appeal at Docket No. 66 WDM 2016, seeking review of the same order as a discretionary appeal from an interlocutory order, pursuant to Pa.R.A.P. 1311.[7] By per curiam order dated August 9, 2016, this Court granted Appellants' petition for permission to appeal and consolidated the two appeals at Docket No. 745 WDA 2016.[8]

Herein, Trizec presents the following questions for our review:

1. [Trizec] filed fraudulent-transfer claims against [the Oberdicks] in state court, which [the Oberdicks] removed to

*(Footnote Continued)* ────────────────

if any, of [the Oberdicks'] claims are preempted per **Stone Crushed** [**Partnership v. Kassab Archbold Jackson & O'Brien**, 908 A.2d 875 (Pa. 2006)] (and **McCue** [**v. Brandywine Realty Trust**, 2013 WL 300893 (Pa. Cmwlth. January 4, 2013)]) and more specifically, whether claims based upon "procurement, initiation and/or continuation of civil proceedings" after removal of the underlying matter to bankruptcy court are preempted as a matter of law.

**See** Trial Court Order, 5/19/16; **see also** 42 Pa.C.S. § 702(b).

[7] In their petition, Appellants averred a controlling question of law as to whether federal bankruptcy law preempted the Dragonetti claims, because the basis for the Dragonetti action, although brought in state court, was litigated in bankruptcy court.

[8] After granting the petition for permission to appeal, this Court transferred the appeal at miscellaneous Docket No. 66 WDM 2016 to regular appeal Docket No. 1162 WDA 2016. Thereafter, the appeal at Docket No. 1162 WDA 2016 was consolidated by per curiam order with the appeal at Docket No. 745 WDA 2016.

bankruptcy court after one of them filed a voluntary bankruptcy petition. The Bankruptcy Code and Rules preempt state-law wrongful-use-of-civil-proceedings claims based on litigation in bankruptcy court. Where [the Oberdicks] removed the underlying action to bankruptcy court before pleadings closed and thereafter litigated exclusively in bankruptcy court, do the Bankruptcy Code and Rules preempt any state-law wrongful-use-of-civil-proceedings claim?

2. [The Oberdicks] filed wrongful-use-of-civil-proceedings claims based on fraudulent transfer litigation that they removed to bankruptcy court, and which were litigated there by the bankruptcy trustee. The federal Barton [D]octrine bars actions against bankruptcy trustees, trustee's counsel, and other officers of the court without the bankruptcy court's leave. Did [the Oberdicks] have to obtain leave to pursue their action against a creditor, and its attorneys, that, among other things, financed the trustee's litigation, and therefore functioned as the equivalent of court-appointed officers?

3. [Appellants] were denied summary judgment based on the federal Barton Doctrine. Pennsylvania courts have previously recognized that an order denying summary judgment based on a complete federal defense to a state law claim is appealable as a collateral order. Is the denial of summary judgment based on the Barton Doctrine defense appealable as a collateral order?

Appellants' Brief at 3-4.

Our standard of review with respect to a trial court's decision to grant or deny a motion for summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden

of proof of an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Thompson v. Ginkel*, 95 A.3d 900, 904 (Pa. Super. 2014) (citations omitted).

Appellants argue that they were entitled to summary judgment as a matter of law, because the Dragonetti action brought by the Oberdicks in state court is entirely preempted by the Bankruptcy Code and Federal Rules of Civil Procedure. The Oberdicks counter that preemption does not apply here, because the Dragonetti action arises from litigation "procured, initiated and continued in Pennsylvania state court."[9] Oberdicks' Brief at 8.

---

[9] The Oberdicks' Dragonetti action asserts wrongful use of civil proceedings pursuant to 42 Pa.C.S. § 8351(a), which provides:

> **(a) Elements of action.—**A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) The proceedings have terminated in favor of the person against whom they are brought.

We begin our analysis with a review of the controlling case law regarding bankruptcy law preemption. In ***Stone Crushed***, the Supreme Court of Pennsylvania granted allowance of appeal to determine, as a matter of first impression for the Court, whether the Bankruptcy Code preempts the entire field of bankruptcy, including a state tort claim for abuse of process based upon bankruptcy court proceedings. The Court conducted an in-depth review of the relevant case law from other jurisdictions. Ultimately, the Court concluded that "the Bankruptcy Code and Federal Rules of Civil Procedure preempt [an appellant's] rights pursuant to state law for compensation in a wrongful use of civil proceedings or abuse of process claim *grounded in bankruptcy court proceedings*." ***Stone Crushed***, 908 A.2d at 887 (emphasis added). The Court based its holding on the following reasons: (1) Congress evinced an intent to govern the whole field;[10] and (2)

---

[10] In reaching its conclusion, the ***Stone Crushed*** Court explained:

> The Supremacy Clause of the United States Constitution controls federal preemption. Congress has the undisputed power to preempt state law in areas of federal concern. Such preemption does not need to be explicit in a statute invalidating a state law. If the area in question is one of traditional state concern, it should be presumed that Congress did not intend to supersede state authority absent a clear and manifest legislative purpose to the contrary.
>
> Congress' intent to preempt state law may be express or implied and … may be found where Congress has legislated in a field so comprehensively that it has implicitly expressed an intention to occupy the given field to the exclusion of state law.

*(Footnote Continued Next Page)*

Fed.R.Civ.P. 11 ("Rule 11"), 28 U.S.C. § 1927, and the Bankruptcy Code potentially provide for the equivalent protection afforded by this Commonwealth to its citizens in a Dragonetti Act claim. *Id.* at 880.

Following the holding in *Stone Crushed*, it is clear to this Court that, at the very least, the Dragonetti Act claims related to Appellants' actions in bankruptcy court are preempted by bankruptcy law. It is the preemption of the claims which relate to Appellants' actions in state court prior to the removal to bankruptcy court, however, that remains in question. Guided by the Court's reasoning in *Stone Crushed*, we conclude for the reasons stated herein that the entire Dragonetti action brought against Appellants is preempted by the Bankruptcy Code and Federal Rules of Civil Procedure.

First, despite the fact that the underlying UFTA action was initially filed in state court, the Oberdicks did not even wait for a ruling on their preliminary objections to the complaint before removing the case to bankruptcy court. Trizec subsequently filed an amended complaint in bankruptcy court, which then became the basis of the UFTA adversary action. The matter was fully litigated in bankruptcy court. Hence, the underlying action which gave rise to the Dragonetti action is clearly "grounded in bankruptcy court proceedings." *See id.* at 887.

*(Footnote Continued)* ───────────

*Id.* at 880-881 (internal citations omitted). After its analysis of the relevant case law, the Court was persuaded that "the [Bankruptcy] Code's provision of remedies and sanctions implies an intent to govern sanctions as they relate to bankruptcy court proceedings." *Id.* at 886.

We further note that the majority of the assertions made by the Oberdicks in their amended complaint refer to Appellants' conduct *in bankruptcy court*. **See** Oberdicks' Amended Complaint, 9/28/15. Specifically, the Oberdicks aver - among other things - that Trizec failed to timely respond to discovery requests during the adversary action, disregarded deadlines set by the bankruptcy court and applicable bankruptcy rules of procedure, and failed to identify any specific, allegedly fraudulent transfers during the adversary litigation. **See id.** at 6-10. The Oberdicks further allege that Appellants failed to respond to their efforts at resolution of the adversary action. **Id.** at 12. After careful review of the record, it is abundantly clear that the Oberdicks' claims under the Dragonetti Act are "grounded in bankruptcy court proceedings," so as to subject them to preemption by the Bankruptcy Code and Federal Rules of Civil Procedure. **See Stone Crushed**, 908 A.2d at 887.

Finally, the Oberdicks chose to litigate the UFTA action in bankruptcy court and subjected themselves to the federal bankruptcy rules and laws. As stated in **Stone Crushed**, the Oberdicks were provided equivalent - if not greater - protection under the Bankruptcy Code,[11] the federal rules,[12] and 28

---

[11] **See** 11 U.S.C. § 105(a) (providing "[t]he court may issue any order, process, or judgment that is necessary or appropriate … to prevent an abuse of process").

[12] **See** Fed.R.Civ.P. 11; **see also** Fed.R.Bank.P. 9011 (adopting Rule 11 for purposes of bankuptcy cases.)

*(Footnote Continued Next Page)*

- 12 -

U.S.C. § 1927,[13] against frivolous claims and/or abuse of process, as afforded them under the Dragonetti Act. Nevertheless, the Oberdicks failed to avail themselves of these protections during the seven year duration of Mr. Oberdick's Chapter 7 bankruptcy case. As a matter of policy, it seems only fair that the Oberdicks should now be precluded from benefiting from a similar state cause of action. As acknowledged by the Pennsylvania Supreme Court, "part of the policy underlying preemption … is to prevent litigants from forum shopping to achieve a different result in federal court than they could obtain in state court." **Stone Crushed**, 908 A.2d at 887

_(Footnote Continued)_ ───────────

> Rule 9011 requires … that attorneys' submissions to the court not be "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," that legal assertions be "warranted by existing law," and that "factual contentions have evidentiary support." Fed.R.Bankr.P. 9011(b). If any of these requirements is violated, a court has the discretion … to impose sanctions, which may be initiated by motion or _sua sponte_ by the court. **Id.** 9011(c).

**In re Miller**, 730 F.3d 198, 203 (3d. Cir. 2013). **See also** Fed.R.Bank.P. 1008 (requiring filings to be verified or contain an unsworn declaration of truthfulness under penalty of perjury). Bankruptcy Rules 1008 and 9011 provide protection against perjury and frivolous claims, similar to Rule 11. **Stone Crushed**, 908 A.2d at 886.

[13] "Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

(quoting **Werner v. Plater-Zyberk**, 799 A.2d 776, 782 (Pa. Super. 2002)).[14]

Based on our determination that bankruptcy law preempts the claims asserted in the state court Dragonetti action, we need not address the remainder of Appellants' claims. We reverse the trial court's denial of summary judgment and remand for proceedings consistent with this opinion.

Judgment reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

---

[14] The **Werner** court further explained that "the Bankruptcy Code demonstrates Congress's intent to create a whole system under federal control therefore mandating that the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal, thereby precluding state law remedies for abuse of its proceedings." **Werner**, 799 A.2d at 791.